IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV104-1-T
(1:03CR100)

| | |
|---|---|
| JAMES DAVID HUSKINS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM<br>AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and Respondent's answer thereto and motion for partial summary judgment.

On November 18, 2003, Petitioner was charged in a six-count superceding indictment with three counts of bank robbery in violation of 18 U.S.C. § 2113(a); two counts of kidnaping during a bank robbery in violation of 18 U.S.C. § 2113 (e); and the use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). **Superceding Bill of Indictment, filed November 18, 2003.** On December 12, 2003, the Petitioner entered into a plea agreement with the

Government in which he agreed to plead guilty to two of the bank robbery charges, one kidnaping charge, and the firearms violation contained in Counts Two, Four, Five and Six of the indictment.  **Plea Agreement, filed December 12, 2003.**  In exchange for his plea, the Government agreed to dismiss Counts One and Three and further agreed to recommend to the Court an adjusted offense level of 30.  *Id*. at 1-2.  The plea agreement also clearly set forth the maximum penalties for each offense, including the statutory consecutive sentence that would be imposed for a violation of 18 U.S.C. § 924(c)(1).  *Id.*

On December 12, 2003, the Petitioner and his attorney filed a "Rule 11 Inquiry" which outlined the questions that would be asked of the Petitioner at the Rule 11 hearing where he would formally enter his plea.  **Rule 11 Inquiry, filed December 12, 2003.**  The Petitioner signed the document certifying and affirming that his attorney had reviewed and discussed each of the matters outlined therein.  *Id*. **at 6.**  Likewise, Petitioner's trial counsel signed the document stating that he had "reviewed and discussed each of the [Rule 11] matters with [the Petitioner]." *Id*.  On December 22, 2003, the Petitioner and his attorney appeared before the undersigned to formally enter his plea.  **Rule 11 Inquiry, filed December

**22, 2003.** After hearing the Petitioner's answers to the questions propounded by the Court, the Court found that the Petitioner's plea was knowingly and voluntarily made, that the Petitioner understood the charges, potential penalties, and the consequences of his plea and accepted the Petitioner's pleas of guilty. *Id.* **at 11.** On March 30, 2005, the Court sentenced Petitioner to 120 months imprisonment on Counts Two, Four, and Five to be served concurrently, and a consecutive term of 60 months imprisonment on Count Six, for a total term of 180 months imprisonment. **Judgment in a Criminal Case, filed April 18, 2005**. The Petitioner did not file a direct appeal of his conviction and/or sentence.

On March 31, 2006, Petitioner timely filed his § 2255 motion in which he alleges, among other things, that on the date of sentencing he specifically asked his attorney to file a direct appeal on his behalf, but that his counsel failed to do so. His trial counsel has submitted an affidavit stating that "at no time, either before the sentencing hearing or after the sentencing hearing did the [Petitioner] request counsel to appeal his sentence. Nor [was] written or oral communication received by counsel [from Petitioner] regarding an appeal." **Exhibit 10, Affidavit of Al Messer,** *attached to* **Government's Answer to Petitioner's Motion, filed under**

**seal July 11, 2007, ¶ 17.** Counsel further avers that after receiving notice of Petitioner's § 2255 filing, he reviewed the Petitioner's file and made inquiries of his staff, and "to the best of [counsel's] knowledge, counsel or counsel's staff did not receive any correspondence from the [Petitioner] asking to appeal his sentence." *Id.* **¶ 20.** A factual dispute thus exists over whether or not Petitioner requested his counsel to file a direct appeal.

An attorney's failure to file a notice of appeal, when requested by his client to do so, is *per se* ineffective assistance of counsel. Prejudice to the defendant is presumed irrespective of the merits of the appeal or a waiver of appellate rights. ***See United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *United States v. Peak*, 992 F.2d 39 (4th Cir. 1993).** The prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken. *Id.* **at 42.**

Therefore, in accordance with the case law of this Circuit, the Court will vacate the original judgment, reimpose the same sentence, and file notice of appeal on the Petitioner's behalf. The remainder of Petitioner's claims will be dismissed without prejudice. ***See United States v. Killian*, 2001 WL 1635590 (4th Cir. 2001).**

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct judgment pursuant to 28 U.S.C. § 2255 is **ALLOWED IN PART** as reflected by the Judgment filed herewith.

Signed: January 4, 2008

Lacy H. Thornburg
United States District Judge